Case 1:21-cv-03138-JAG    ECF No. 17    filed 03/20/23    PageID.1000    Page 1 of 11

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE C.,<br>   Plaintiff,<br>v.<br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br>   Defendant. | No. 1:21-CV-3138-JAG<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT<br>IN PART |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 11 and 12. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Edmund Darcher represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 16. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, in part, and **DENIES** Defendant's Motion for Summary Judgment.

## I.  JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 15, 2019, alleging disability since July 1, 2019, due to depression, anxiety, and cancer in remission/immune system compromised. Tr. 26, 75. Plaintiff also filed an application for disabled widow's benefits on September 17, 2019. Plaintiff's claim was denied initially and on

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

reconsideration, and she requested a hearing before an administrative law judge [ALJ]. Tr. 26. A telephonic hearing was held on December 14, 2020, at which vocational expert Larry Underwood and Plaintiff, who was represented by counsel, testified. Tr. 26. ALJ Elizabeth Ebner presided. Tr. 38. The ALJ denied benefits on December 22, 2020. Tr. 23. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 22, 2021. ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the alleged onset, Plaintiff was 56 years old. She graduated from high school and completed two years of college. Plaintiff's past jobs included being a receptionist, fitness instructor, and mock military role player. TR. 317. She experienced a series of deaths in the family and resides alone. Tr. 55, 64. Plaintiff has a driver's license, but mostly stays home and cares for herself. Tr. 56, 61-62, 66.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

## V. ADMINISTRATIVE FINDINGS

On December 22, 2020, the ALJ issued a decision finding that Plaintiff was not disabled as defined in the Social Security Act.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2019. Tr. 29.

At *step two*, the ALJ found Plaintiff had the severe impairments of depression with anxious presentation, post-traumatic stress disorder, and substance addiction disorder. Tr. 29.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 30.

The ALJ also found that Plaintiff has the residual functional capacity [RFC] to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [S]he can perform simple, routine tasks with occasional changes in the work setting. She can have occasional interaction with supervisors, coworkers, and the public. She will be off task 5 percent of the time.

Tr 31.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a physical instructor. Tr. 36.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of salvage laborer, laboratory equipment cleaner, and day worker. Tr. 37.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 38.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony, and (2) improperly evaluating the medical opinion evidence. ECF No. 11.  Defendant argues that the ALJ reasonably found that subjective and objective evidence of symptom management, in addition to Plaintiff's activities, undermined Plaintiff's symptom testimony and that the ALJ applied the proper standard and reasonably evaluated medical opinion evidence. ECF No. 12.

## VII.    DISCUSSION

**A.    <u>Plaintiff's Subjective Statements.</u>**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 11.  It is the province of the ALJ to assess subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because the objective evidence fails to fully corroborate the degree of pain alleged. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "General findings are insufficient:

rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff's statements concerning intensity, persistence, the limiting effects of Plaintiff's symptoms were not entirely consistent with the medical evidence and other evidence in the record because the longitudinal record shows that Plaintiff's symptoms are managed.

The Court finds that the ALJ properly cited specific, clear and convincing reasons for rejecting parts of the Plaintiff's testimony and overall, the ALJ's assessment of the Plaintiff's subjective complaints were supported by substantial evidence. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). An ALJ may also consider a claimant's reports to her providers and whether they are consistent with her allegations. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ may also reasonably question a claimant's allegations if they are inconsistent with her demonstrated activities. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ examined the record over time noting that in early exams, Plaintiff exhibited a dysphoric mood and acknowledged suicidal ideations, Tr. 32 – 33, but that beginning in early 2020, Plaintiff acknowledged improvement in her symptoms which continued to be reflected in the record throughout early to mid-2020, reflecting successful treatment through medication. Tr. 34 - 35. In addition to a thorough review of Plaintiff's medical record, the ALJ also reasonably found that Plaintiff's daily activities undermined her reports of the severity of her symptoms, citing many examples of activities, such as caring for a friend following surgery. Tr. 35.

B.  **<u>Medical Opinion Evidence.</u>**

Plaintiff argues that the ALJ improperly evaluated medical opinion evidence from Elizabeth Scott, FNP, Tasmyn Bowes, Psy.D., and Jenifer Schultz, Ph.D.  For claims filed on or after March 27, 2017 the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 404.1520c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b).  The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.*, at 787.

      1.    **<u>Elizabeth Scott, FNP and Tasmyn Bowes, Psy.D.</u>**

Plaintiff complains that the ALJ erred by: (1) improperly conflating two separate opinions, (2) improperly crediting less weight to the opinions because the evaluations took place prior to the alleged onset date, (3) inaccurately concluding that the physical limitations exceeded the evaluator's expertise, and (4) erroneously concluding that the evaluator lacked support for their opinions. Defendant responds that the ALJ's collective analysis of the two opinions amounts to harmless error because the ALJ adopted RFC limitations consistent with both Elizabeth Scott and Tasmyn Bowes' opinions. Defendant further argues that each of the other three bases cited by the Plaintiff are insufficient to disturb the ALJ's findings.

The Ninth Circuit defines harmless error as such error that is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Social Security Administration,* 454 F.3d 1050, 1055 (9th Cir. 2006). The Court finds that ALJ erred in performing a collective analysis on the two separate medical opinions by Elizabeth Scott and Dr. Bowes. The ALJ's conflation of the two opinions makes it difficult to parse the rationale attributing weight to the specific limitations. The Court cannot conclude that the RFC limitations encompass restrictions opined by Dr. Bowes such as significant limitations in ability to perform activities within a schedule, adapt to changes in the workplace, learn new tasks, complete a normal workday and work week without

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

interruptions, and set realistic goals and plan independently.  Further, the justifications for crediting less weight to the restrictions do not appear to apply equally to both clinicians.  While both exams took place prior to the onset date, Dr. Bowes did not opine as to physical limitations and did provide support for the checkbox limitations.  Consequently, the error is not harmless and requires remand to allow the ALJ to conduct an independent review of each of the providers accounting for the restrictions and time limitations addressed in each their opinions separately.

### 2.    *Jenifer Schultz, Ph.D.*

Plaintiff argues that the ALJ's conclusion that Dr. Shultz's opinion was only partially persuasive improperly rested on the inconsistency between Dr. Shultz's opinions and Plaintiff's daily activities.  Defendant responds that the ALJ properly weighted Dr. Shultz's opinion to the extent that the examination findings and Plaintiff's daily activities supported the opinion

The ALJ noted that Dr. Shultz opined that despite fair social adaptation, Plaintiff's daily living and occupational adaption was poor.  Dr. Shultz, however, failed to provide support for this opinion.  The ALJ noted that Plaintiff successfully managed daily living activities and she was independent in her personal care.  Given the contradiction between Plaintiff's daily living activities and Dr. Shultz's opinion, the ALJ found that Dr. Shultz's conclusion regarding Plaintiff's poor occupational adaption also lacked support in the record was likely similarly faulty so gave that opinion little weight.

The Court finds that the ALJ did not err.  While the ALJ's inference was not the only possible conclusion, the ALJ made a reasonable conclusion based on the record supported by substantial evidence.  On remand, however, the ALJ shall reconsider all opinions while reassessing the claim.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence. Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that additional administrative proceedings could remedy defects. Further development of the record is necessary for a proper determination to be made.

The ALJ's decision with respect to weighing some of the opinion evidence relied on legal error. On remand, the ALJ shall reevaluate the medical opinions and the record as a whole and complete the five-step process. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED, in part**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED**.

3. The case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

4. An application for attorney fees may be filed by separate motion.

//
//
//

5.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11